UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL STAS,
  Plaintiff,

v.                                    Case No. 2:25-CV-861-JES-DNF

FEDERAL BUREAU OF INVESTIGATION,
  Defendant.
_____/

COMPLAINT
(Privacy Act, Records-Accuracy; Declaratory and Injunctive Relief Only)

I. Jurisdiction and Venue

1. This action arises under the Privacy Act of 1974, 5 U.S.C. § 552a(e)(5), (g)(1)(A), (g)(1)(C), and the Due Process Clause of the Fifth Amendment.

2. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question).

3. Venue lies in this Court under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and Defendant is a federal agency.

II. Parties

4. Plaintiff Michael Stas is a U.S. citizen residing in Collier County, Florida.

5. Defendant Federal Bureau of Investigation is an agency of the United States and custodian of the Identity History Summary ("IdHS") and NCIC records through its Criminal Justice Information Services ("CJIS") Division.

III. Factual Background

6. Plaintiff's state criminal matter was lawfully disposed in Massachusetts; all related warrants were recalled. Certified disposition orders are in Plaintiff's possession.

7. Despite the disposition, Plaintiff's FBI IdHS still reflects an "active warrant" linked to the disposed case.

8. This creates a legal and factual impossibility: a record showing both a "disposed case" and an "active warrant" at the same time.

9. The defective FBI entry has caused Plaintiff to be detained abroad and denied international travel on multiple occasions, despite having no open warrant.

10. Plaintiff currently lives in his car, suffers from bipolar disorder and PTSD, and faces ongoing stress, sleep disruption, and relapse risk (Exhibit A, Declaration).

11. On May 6, 2025, FBI CJIS sent Plaintiff a letter (Exhibit B) acknowledging it is the "repository and custodian" of IdHS records, but disclaimed authority to correct absent state

input, despite Massachusetts having transmitted disposition information.

12. FBI CJIS's own public brochure (Exhibit F) admits that upon official verification, it "will make appropriate changes and notify" applicants — confirming custodial responsibility.

13. Independent audits and reports confirm that incomplete and inaccurate FBI records are systemic:
- GAO Report GAO-15-162 (2015) (Exhibit C);
- GAO Testimony GAO/T-GGD-00-163 (2000) (Exhibit D);
- DOJ/BJS Report Data Quality of Criminal History Records (1985) (Exhibit E).

IV. Causes of Action

**Count 1 — Privacy Act, 5 U.S.C. § 552a(e)(5), (g)(1)(A)/(C)**

14. Defendant FBI is required to maintain records with accuracy, timeliness, relevance, and completeness.

15. Maintaining an IdHS that simultaneously lists a disposed case and an "active warrant" violates this duty.

16. Plaintiff has suffered adverse determinations (detentions abroad, travel denial, stigma) as a direct result.

17. Under § 552a(g)(1)(A) and (C), Plaintiff is entitled to an order compelling amendment/purge of the false record.

**Count 2 — Procedural Due Process (Fifth Amendment)**

18. Plaintiff has a protected liberty interest in international travel and in avoiding stigma from false federal records. See *Kent v. Dulles*, 357 U.S. 116 (1958); *Paul v. Davis*, 424 U.S. 693 (1976).

19. Defendant's maintenance and dissemination of a false warrant entry without correction deprives Plaintiff of liberty without due process.

20. The *Mathews v. Eldridge* factors weigh decisively for Plaintiff: (i) strong private interest (travel, reputation, health); (ii) extreme risk of error (contradictory record despite certified disposition); (iii) minimal burden on government (a ministerial database correction).

V. Relief Requested

Plaintiff respectfully requests that this Court:

A. Declare that Defendant's maintenance of a disposed case with an "active warrant" in Plaintiff's IdHS violates the Privacy Act, 5 U.S.C. § 552a(e)(5);

B. Declare that the false record also deprives Plaintiff of liberty without due process, in violation of the Fifth Amendment;

C. Order Defendant to purge the obsolete warrant entry and annotate the IdHS to reflect the certified disposition, effective as of the disposition date;

D. Enjoin Defendant from disseminating the inaccurate IdHS until corrected;

E. Order Defendant to provide Plaintiff with a corrected copy of his IdHS reflecting the amendment, at no cost, as proof of the change;

F. Retain jurisdiction to ensure compliance; and

G. Grant such other and further relief as the Court deems just and proper. VI. Reservation of Damages

21. Plaintiff does not seek damages in this action. Plaintiff expressly reserves the right to bring a separate Privacy Act action under 5 U.S.C. § 552a(g)(4) for damages arising from Defendant's willful or intentional failure to maintain accurate records.

Respectfully submitted,
Dated: September 29, 2025

/s/ Michael Stas
Michael Stas
205 Pier A
Naples, FL 34102
Tel: (239) 451-8636
Email: mikestas@live.com
Pro Se Plaintiff